**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3564
_____

IZZADEEN SHIABDEEN JAINUL ABDEEN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(BIA-1: A088-379-465)
Immigration Judge: Annie S. Garcy

_____

Submitted Under Third Circuit LAR 34.1(a)
September 28, 2021

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Opinion filed: September 29, 2021)

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Izzadeen Shiabdeen Jainul Abdeen, a Sri Lankan national, has twice had his motions to reopen removal proceedings denied by the Board of Immigration Appeals ("BIA") as untimely. The first time, the BIA found that the "changed country conditions" exception to the timeliness requirement, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3), did not apply. The second time, it found that, even assuming conditions had changed, Abdeen had not established prima facie eligibility for relief, *see Khan v. Att'y Gen.*, 691 F.3d 488, 496 (3d Cir. 2012), and we then affirmed. Following the 2019 Easter Bombing and a rise in anti-Muslim violence in Sri Lanka, Abdeen filed a third petition to reopen. But while the BIA agreed that circumstances had changed, it denied Abdeen's motion because he still had not established prima facie eligibility for relief. Abdeen petitioned this court for review. Because the BIA's decision was not an abuse of discretion, we will deny the petition.

## I.  Discussion[1]

To establish a prima facie case for relief, an alien must demonstrate a "reasonable likelihood that he can establish that he is entitled to relief." *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004) (citation omitted). Abdeen claims that the BIA erred by applying a higher standard, requiring him to actually establish his eligibility. The BIA, however, clearly cited and applied our "reasonable likelihood" standard in addressing Abdeen's

---

[1] This Court has jurisdiction over Abdeen's petition for review pursuant to 8 U.S.C. § 1252(a)(1). *See Cruz v. Att'y Gen.*, 452 F.3d 240, 246 (3d Cir. 2006). We review the BIA's denial of his motion to reopen for abuse of discretion. *See Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

2

prima facie eligibility both for asylum and withholding of removal and for protection under the Convention Against Torture. *See* A.R. 4, 6.

Abdeen argues that the BIA abused its discretion by not considering evidence that he provided regarding the rise in anti-Muslim sentiment following the Easter Bombing. But the BIA expressly cited this evidence as the basis for its determination that country conditions had changed. *See* A.R. 5. It also explained that this evidence could not establish prima facie eligibility because it did not show that Abdeen had "a reasonable likelihood of establishing either an individualized risk of persecution or that there may be a pattern or practice of persecution against Muslims in Sri Lanka." *Id*. at 5-6. That is all we require of the BIA. *See Sevoian v. Ashcroft*, 290 F.3d 166, 178 (3d Cir. 2002) ("The [BIA] is . . . required . . . only to show that it has reviewed the record and grasped the movant's claims.") (citation omitted).

Abdeen also argues that the BIA abused its discretion by taking into consideration that 9.7% of Sri Lanka's population is Muslim and that his family had not suffered harm. While he claims these factors are not relevant, he identifies no specific legal error, and his mere disagreement is not enough for us to find that the BIA's decision was "arbitrary, irrational, or contrary to law." *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994) (citation omitted).

## II.  Conclusion

For the foregoing reasons, we will deny the petition as to the BIA's November 18, 2020 order.

3